ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2005 JUN 13 PM 1:34

CLERK
SO. DIST. OF GA.

| | |
|---|---|
| DELOIS BROWN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action File No. CV305-101 |
| ROCKWELL AUTOMATION, INC. | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff, Delois Brown, by and through counsel, and shows this Honorable Court the following:

### Jurisdiction and Venue

1.

The jurisdiction of the court is invoked pursuant to 28 U.S.C. §§ 1343(3) and 1343(4) conferring original jurisdiction upon this court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights, under 42 U.S.C. § 1981 and under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq., as amended in 1972), and the Age Discrimination Act in Employment Act, 29 U.S.C. 621 et seq. and 42 U.S.C. § 1981.

2.

The unlawful employment practices asserted below are alleged to have been committed within the State of Georgia, Laurens County. Accordingly, venue lies in the United States District Court for the Southern District, Dublin Division, under 28, U.S.C. § 1391(b).

Parties

3.

Plaintiff herein, (hereinafter "Brown") was formerly employed for Defendant, Rockwell Automation, Inc. who applied the terms and conditions of her employment in a discriminatory pattern and practice resulting in Brown being denied job opportunities provided to Caucasian and younger employees.

4.

Plaintiff is female, African American and over 40 years of age.

5.

Defendant Rockwell Automation, Inc. controls and manages the terms and conditions under which Plaintiff is employed and was Plaintiff's employer during the relevant period of Plaintiff's claims.

6.

Defendant is the properly named legal defendant under the causes of action

brought in this lawsuit.

## Procedural Requirements

7.

On or about January 4, 2005, Plaintiff filed a charge of discrimination that satisfied the requirement of 42 U.S.C. § 2000e-5 with the Equal Employment Opportunity Commission ("EEOC"). Such charge was filed within one hundred eighty (180) days after one or more of the alleged unlawful employment practices in violation of 42 U.S.C. § 2000e-2 had occurred.

8.

On or about March 10, 2005, the EEOC mailed Plaintiff a Notice of Rights, stating that Plaintiff could file a civil action under Title VII of the Civil Rights Act of 1964, as amended, within ninety (90) days from the receipt of such Notice. Plaintiff received a copy of such Notice on or about March 15, 2005. Plaintiff filed the Complaint in this case within ninety (90) days after the date on which she received such Notice of Right to Sue.

## Statement of Facts

9.

Plaintiff is employed by Defendant with over 25 years of career service.

10.

Plaintiff commenced a medical leave of absence on March 24, 2004, which qualified as a Family Medical Leave of Absence.

11.

Brown attempted to return to work on June 14, 2004 with the only restrictions applicable to her employment the same as those she had previously been limited to by a prior workers compensation injury.

12.

Defendant refused to return Brown to her prior position and shift and instead required Brown to return to employment on July 12, 2004 on a less desirable shift claiming she was not permitted to displace junior employees who had replaced Brown during her medical leave of absence.

13.

Defendant knew that Plaintiff's pre-existing work restrictions permitted Brown to perform the essential job functions of her job just as Brown had performed her job duties prior to the commencement of her medical leave of absence.

14.

Defendant intentionally discriminated against Brown on or about June 14, 2004 by denying Brown the opportunity to return to her shift and retaining substantially younger, Caucasian, employees on the shift for which Brown was qualified and eligible to perform.

15.

Defendant has continued the discriminatory practices through the present time by not allowing Brown to return to the employment position and shift which she held prior to her medical leave.

16.

Defendant's reasons for not allowing Brown to return to work in her previous job and on the same shift are pretexual for age and race discrimination.

17.

Defendant discriminated and continues to discriminate against Brown on the grounds of her race and age, which is motivated, in part, by Defendant's intent to chill opposition to claims of discriminatory practices by employees.

18.

Defendant refuses to pay Brown the appropriate shift differential for Brown's current shift unless Brown is willing to abandon her discrimination claims.

19.

Defendant's refusal to pay Brown the appropriate shift differential constitutes retaliation against Brown for having participated in and objected to conduct which Brown reasonably believed to violate her protected rights under federal anti-discrimination laws.

20.

## COUNT I - RACE DISCRIMINATION

Plaintiff realleges each and every allegation in paragraphs 1 through 19 as though set forth in full herein.

21.

Defendant has intentionally discriminated against plaintiff in violation of Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1871, 42 U.S.C. 1981 by denying her equal terms and conditions of employment on account of her race as compared to other similarly situated employees of different race.

22.

Defendant has intentionally discriminated against plaintiff in violation of the Civil Rights Act of 1871, 42 U.S.C. 1981 thereby causing Plaintiff to suffer humiliation based on Plaintiff's race for which Plaintiff is entitled to compensatory damages.

23.

## COUNT II - SEX DISCRIMINATION

Plaintiff realleges each and every allegation in paragraphs 1 through 22 as though set forth in full herein.

24.

Defendant's actions created an intimidating, hostile, and offensive work environment based on Plaintiff's sex, female, which substantially interfered with Plaintiff's ability to perform her job.

25.

Defendant's actions toward Plaintiff were purposely to cause Plaintiff to suffer humiliation, loss of dignity, and inspired to interfere with Plaintiff's ability to continue her employment in a normal work environment free from discrimination.

26.

Defendant's anti-discrimination policy was not followed in regard to Plaintiff because the actions of the discriminating manager were ratified by the Defendant by approving the discriminatory job assignment of the Plaintiff in violation of Defendant's own policies.

## COUNT III - AGE DISCRIMINATION

Plaintiff realleges each and every allegation in paragraphs 1 through 26 as though set forth in full herein.

27.

Defendant's actions violate the Age Discrimination Act in Employment Act, 29 U.S.C. 621 et seq.

28.

Defendant's actions are willful in that Defendant intentionally retained younger less experienced employees in positions which Defendant knew or should have known that Brown was fully capable of performing satisfactorily.

## RELIEF SOUGHT BY PLAINTIFF

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Issue process and that Defendant be served as provided by law;

2. Grant to Plaintiff appropriate damages due under Title VII, and the Age Discrimination in Employment Act including injunctive relief, back pay, front pay:

3. Grant to Plaintiff compensatory damages in an amount reasonable and commensurate with the harm done by Defendant's unlawful acts;

4. Grant Plaintiff punitive damages for Defendant's unlawful acts;

5. Grant to Plaintiff the costs in this action and reasonable attorney's fees as provided by § 706(k) of Title VII;

6. Permanently enjoin Defendant from violating, in the future, the rights of Plaintiff under Title VII and the Age Discrimination in Employment Act;

7. Award to Plaintiff pre-judgment and post-judgment interest as required by law;

8. Grant such additional relief as the Court deems proper and just.

30.

## Demand for a Jury Trial

Plaintiff demands a jury trial on all issues triable by jury.

_Delois Brown_
Delois Brown
*Pro Se*

162 Hunters Run
Dublin, Georgia 31021
Telephone: 478-274-8107